and the appellant. Pardon me on behalf of the plaintiff's appellant, Ms. Carolyn R. Clark Weston. Pardon me on behalf of the plaintiff's Good morning, Your Honor. My name is Carolyn Clark Weston and I represent the appellant, Mr. Luzaj. He has stated an arguable claim in law and fact that he was denied effective assistance of a trial counsel where trial counsel failed to relay a plea offer to him. That claim is not positively rebutted by the record and it's not barred by race, gender, color, or collateral. Now this issue somehow came up in the college plea in a sentencing hearing? That's right. It was during a motion to reconsider? That's right. That's right, Your Honor. So at a motion to reconsider sentence, he had new sentencing counsel, if you will. He no longer had the trial attorneys and during the motion to reconsider sentence, she raised a claim of excessive sentence and sentencing disparity. There's multiple co-defendants in this case. And then during the course of that, there was a stipulation that was read that said the trial attorney at the time did contact the state. The state did offer to the attorney a plea deal that the appellant claims was not related to him. So if I can testify he was not aware of it, it was never conveyed to him? That's right. And then somehow the motion to reconsider segued into some type of a hearing, it looked like, from the record in which the trial judge ended up ruling that the defendant he felt his testimony was incredible, correct? That's right. It was sort of an unusual proceeding in the sense that it is a motion to reconsider sentence. During the proceeding itself, the state argued that this specific issue wasn't relevant. I think that was correct. If you look at the Illinois Supreme Court's case in Cherry, they say that this sort of claim which implicates matters off the record, such as an attorney's private communications with his clients, is something that the Post-Conviction Hearing Act is designated for. But in any event, the trial judge then ruled that the defendant wasn't credible in his testimony. He did. Did that ruling get appealed for? No. So what this court, as you are aware, what he raised on appeal were issues of trial court error with regard to whether there was a proper Krenkel hearing, and also post-sentencing counsel ineffectiveness, whether or not the trial court should have recognized that post-sentencing counsel had been ineffective in presenting his claim about the offer not being related in this motion to reconsider sentence, which as the judge said when he was making his ruling, that this wasn't the relevant proceeding for this either. So it's sort of unusual in the sense that the judge actually took testimony from the defendant on this claim, said he was incredible, and then at the same time is saying this isn't relevant to a motion to reconsider sentence. And then the judge went on and denied a motion to reconsider sentence, looking at disparity in excessive sentence. Let me ask you sort of a blunt question. Since the trial judge, and you may want to argue gratuitously, reached out and dealt with the issue of the merits of the issue, which was never then appealed, can you raise it now? I mean, the trial judge has already ruled on it, has he not? So what would be the prejudice where he's already sort of had a hearing on this? Well, I think what we have to look at is what is our proceeding before us? We're dealing with something that's been filed under the Post-Conviction Hearing Act, and we know that credibility determinations are not permitted at the first stage. We're only at the first stage. So looking at the record as a whole, there's nothing from trial counsel on this issue about whether he relayed the offer or not. Maybe he did, maybe he didn't. But given that this is a post-conviction petition, we have to assume the truth of the allegations. Now a statement in trial court is finding that he was incredible. Don't forget that this defendant at the time is a convicted felon. The judge seemed somewhat irritated with the defendant because he had told the parole officer or the person preparing the probation, the PSI, sorry, that he didn't do anything wrong. So that was his defense was that he was innocent. That's right. So wouldn't it stand to reason that even if he were made an offer of a lesser sentence, even if we believe he wasn't made the offer, that if he was even made the offer, he wasn't taking it because he said he was innocent? Well, not necessarily. I think it's somewhat well documented that people do plead guilty to things they didn't do because they're facing a large amount of jail time and they need to get home to their family or their job or whatever. But I think that also we have to assume the truth of allegations here. That's required under the Post-Conviction Hearing Act. So is it possible? Your question, absolutely, it's possible. But we have to assume what he said in his post-conviction petition. At this stage of the proceedings, this is something that could be subject to an evidentiary hearing where trial counsel can then state on the record, nope, I didn't relay an offer to him, or yes, I relayed an offer to him. And for the reasons you stated, he did not want to take the offer because he didn't think he did anything wrong. But at this point, we have to have stated who was taken. At this point, if we follow the procedure that the Post-Conviction Hearing Act institutes and also what our Supreme Court has said about first-stage petitions, we have to assume the truth of this allegation. The other thing I'd like to point out is the judge's credibility determination is not – res judicata does not apply to that determination. The reason I say that is because in the trial court, there's often – it's always credibility determinations in addition to physical evidence. The judge is hearing witnesses. A judge finds the defendant guilty of something. Presumably, he finds the testimony credible. So to assume that a res judicata, that legal doctrine, would apply to a judge's finding of credibility would preclude a defendant from ever raising sufficiency of the evidence on appeal. It would foreclose a lot of this court's duty in the sense that they get to – while giving deference to the court's credibility determinations. It's not – this court isn't barred by res judicata to review the trial court's credibility determinations. No. So – But how about res judicata collateral with stoppa with respect to the direct appeal? Right. So again, he did not raise a claim that on direct appeal that my trial treaty was ineffective for not relaying a plea offer. The claims were – He could have. Well, I guess – you know, this is in – the Illinois Supreme Court in Cherry kind of talked about why the Post-Conviction Hearing Act is the proper mechanism for this. And then also I would note that this came up in Cherry where I think the defendant was concerned that he would be barred by res judicata by raising an issue about trial counsel. And what the court says, no, that's what – when it implicates matters outside the record, that is what the Post-Conviction Hearing Act is for. Right. Because how would you ever – you know, presumably, as you suggested, you would need to have trial counsel weigh in on the issue of whether or not he ever communicated to him. You wouldn't know that from a silent record. No. And that's – I think also in Cherry and then within that case, the Supreme Court cited this other case, People v. Taylor, where it was also claimed was something that the trial counsel didn't do. But in both those cases – or I should say Cherry. I believe that's the one where the – and I could be wrong. But if not, the case where the trial – the defendant was arguing that my attorney was taking – was heavily medicated during the proceedings. And in that case, the judge, rightfully so, could look at the trial attorney's performance during the course of those proceedings and say, I reject your claim. It's kind of what happens in Crankville. The judge can rely on his or her personal knowledge. In this case, there is no indication that the judge had personal knowledge and nor should he have personal knowledge of whether the trial attorney laid an offer to the defendant. I take it you have on Earth no cases that are parallel to this where, in the course of a motion to reconsider, they get into an ineffective assistance claim? No, it's – I mean, I find it unusual. And it's weird because the judge is saying two things at once. I don't find you credible on this, but at the same time, I think this whole issue is not relevant to the proceeding. It's not proper. It wasn't included in the written motion to reconsider sentence. It was only brought up orally. And it appears – and this is just speculation on my part – but it seems like since counsel is making a disparate sentencing argument, and those sentences were imposed pursuant to plea deals. So however it's raised, obviously the trial judge gets into it. Sure. And perhaps improperly. So what is the rule you want us to announce in light of the fact that the trial judge got into this and apparently ruled on credibility? So is that something that should be ignored, or what are you asking us to do? I think what I'm asking is that this Court follow the Post-Conviction Hearing Act that says that credibility determinations cannot be used to dismiss a post-conviction petition. Where? At the first stage. At the first stage, absolutely. At the first stage, and also where in this case, which is absolutely true, we have no question an offer was there, and the record does not positively rebut his claim that he did not receive the offer. Had there been something on the record about a 402 conference, or oftentimes the state's attorney will say the offer is no longer good at the judge, that's a totally different circumstance. But this record in that regard is somewhat unusual because there's no mention of a 402 or any plea offer. So given that this is a post-conviction petition, I would ask that this Court follow what the Act says. It says first stage, petitions can't be dismissed on credibility determinations, and that he should proceed to stage two where he could be appointed counsel, and perhaps counsel could get an affidavit from the attorney that would state, oh, I didn't relay the offer. For all we know, the counsel didn't. Just out of curiosity, was the defendant sworn at this? I believe he was sworn in at the hearing. I'm not certain. I have the transcript at the table, but I assume he was since it was a hearing. But it was unusual. But as the Supreme Court has said, just because you raise something on direct appeal doesn't mean you're always foreclosed from raising the claim under the Post-Conviction Hearing Act. This one is just somewhat unusual because in a lot of instances when the defendant is doing so, they have some new information. Well, here, the only thing that he really would be able to get is an affidavit from trial counsel. But we know from the Supreme Court's finding in People v. Hall that at the first stage, the defendant isn't expected to get an affidavit from trial counsel saying, yes, I was ineffective, I didn't relay this offer to the defendant. So for those reasons, that's why we would ask that it be remanded. Nothing. Thank you. All right. Thank you very much. Thank you. Thank you, Mr. Parkwood. All right. Ms. Schwinn, on behalf of the people. May it please the Court, counsel, good morning, Your Honors. My name is Princess Schwinn. I represent the people on behalf of this Court. Justice Hudson, just to answer your question, the defendant was under oath at the time he testified in the motion to reconsider sentence. But what about the crux of her argument, which has some intuitive appeal, that in the first stage, if all well pleaded facts are considered to be true, what's the trial judge doing making a credibility determination and, in essence, knocking out a post-conviction petition before the issue is really right? Respectfully, he's not making credibility determinations. He's looking at the fact that this issue was decided on the merits, whether or not the defendant had ineffective assistance of counsel for failing to tender a plea offer. And there's a plethora of Supreme Court cases that say those issues that have already been previously considered are not arguable in fact or in law. Wait a minute. We're jumping ahead. The trial judge got into it, you're saying previously considered. I apologize. Did you mean at the motion to reconsider? I'm sorry. I apologize. I thought you were talking about the trial court's first stage dismissal. What is the trial judge getting into a post-conviction petition hearing, in essence, in a motion to reconsider making credibility determinations? Is that proper procedure? I believe that at the time that the claim was presented, the defense counsel had evidence via stipulation and by defendant testimony. And defense counsel believed that that was an opportune time to bring it because that was when they learned of the claims. And although we talk about that ineffective assistance claims can't be best brought in a post-conviction, they should also be brought when they are learned of so that the trial court can rule on them appropriately and within an appropriate amount of time. Did the trial counsel proffer any evidence or testify? There was a stipulation between the state and the defense counsel that a plea offer was tendered. I believe that there was a plea offer tendered first at a 15-year for the defendant, and then defense counsel asked if they could do a lower offer, and they came back. A plea offer was tendered to defense counsel? Yes, that's correct. Was there any representation as to what the defense attorney did with that? Was there any proffer that it was tendered to the defendant to contradict his testimony? Any other evidence to contradict the defendant's testimony? At the motion that we considered when this arose? Well, when the trial court heard the testimony, heard the defendant testify he did not receive it, and when trial court presumably took into consideration all the evidence before it, that testimony was not credible, and subsequently that claim of ineffective assistance of counsel could not go forward. Well, what about her old well-settled principles that in the first stage you don't get into credibility determinations? The trial judge preempted that without even hearing from defense counsel. Well, aren't the allegations supposed to be taken as true at the first stage? Your Honor, I'm sorry. I'm unclear on where we're talking. Are we talking still at the motion to reconsider sentence? Right, because that was the only post-conviction hearing, quote-unquote. Well, respectfully, the state's not supposed to have any input at the first stage either, but because it was brought in a motion to reconsider sentence, the state is allowed to proffer argument and proffer evidence, you know, via stipulation and cross-examine the defendant. That was not a post-conviction hearing. So then why did he deny it? Why did the court deny it at that time? Because he looked at the evidence that was presented and found that it didn't meet the standard for ineffective assistance for failure to tender. And he heard the evidence. He decided that it didn't rise to the level of the appropriate standard at that point and denied it. Okay, so it was no different than him taking a post-conviction petition, as most judges do, back in chambers at first stage, look at it and come back out and say, I'm dismissing this as frivolous and patently without merit. Respectfully, I would not deem that a post-conviction hearing because it would— Do you have to have a post-conviction hearing at the first stage? Well, I believe that a post-conviction petition, if it was brought under the Act, has a very specific procedure and process. Right. One of the big differences is that the state has no input at the first stage. And the judge would be hearing no argument or testimony at all. He'd be looking at the claims. Correct, correct. So that's where it went off the track. But what the defense appears to be arguing is, hey, look, however we got here, now it's being used as a club against the defendant because he's considered to have forfeited and waived, or it's raised due to candidate's claims that he was sort of snookered into when the trial judge reached out and held that his testimony was not credible. Sounds like a second stage to me. I wholeheartedly disagree with the second stage and that he was snookered into. He had different counsel than from the counsel that he had at trial. That counsel looked into those claims and made that claim for the court to make a determination. If defendant is unhappy, which it appears that defendant was because he raised it on direct appeal, was unhappy with the manner in which post-sentencing counsel appeared to take the strategy and tactic of how to address this claim, he raised it and, in fact, this court decided that that wasn't improper or ineffective because, in fact, the court did hear that claim and ruled on the merits of that claim. So the defendant received the opportunity to have his claim heard on the merits. The fact that now the defendant wants a second bite at the apple with potentially different counsel to raise the exact same issue again, which has been raised at the trial court, and this issue was the entire part of the direct appeal, both in the fact that the trial court should have entertained a crankier offer because defendant made the allegation that the plea offer ineffective claim was a pro se claim and then alternatively argued that the post-sentencing counsel was ineffective in the manner in which she raised that claim. This claim has permeated post-sentencing procedures, the direct appeal procedures, and has been ruled upon both in post- But was it ever dealt with properly? Here appears to be the catch-22. Let's look at this objectively. Any time this claim is traditionally raised, any defense attorney, you have to hear from counsel as to whether or not he transmitted it. The defendant says there's a stipulation. Mr. X's attorney got this information. He has an ethical obligation, does he not, to transmit it to his client. The defendant says it was never transmitted to me by my trial counsel, and nobody ever hears from the trial counsel. So is it true or not? Is that the way we're supposed to operate? I would say respectfully, a post-sentencing claim where a defendant says, I was not told of an offer. Yes. And in this case where we have, I would agree, a unique scenario where you've got different counsel investigating into these claims and making these claims before the trial court and putting forward the evidence, it's not as if it's a pro se claim at the motion to reconsider a sentence. You had counsel advocating for these claims, and the presumption would be maybe counsel did reach out to prior counsel. The record doesn't discuss that, but the record does have the fact that they had independent counsel looking into these claims and making the decision in terms of which evidence to put forward, to put the best foot forward and to advocate on behalf of the defendant. The reason it's convoluted, I think you'd have to concede, Cambly, if this came up as any other post-conviction and the allegation is that counsel didn't tender the offer or sometimes you'd get counsel leaned on me and asked me to weigh in my right to testify, and the judge looks at it at the first stage, he can't dismiss it because there's an issue there that isn't apparent from the face of the record. You'd have to have an affidavit or some testimony. But in this case, the judge says, I don't believe the defendant's allegation of credibility and basically dismisses the claim, and now it proceeds hamstringing him to get a fair hearing on the merits. But he did receive a fair hearing on the merits, respectfully. Without hearing from defense counsel? What if defense counsel didn't tell him about the offer? You know, at this point, I would say based on the court's rulings, he received a fair hearing. He received the opportunity to present his claims. Your Honor, I would agree with you that if the hearing that occurred during the motion to reconsider a sentence hearing, if that had not occurred, it might be different. But in this case, we can look at the record and we can see that there has been more than just these claims put forward in a post-conviction. This claim has been litigated. He had the opportunity to present his claims, and he did present his claims. That's precisely what, you know, Claes' case is talking about, res judicata in clerical estoppel, from taking two bites of the same apple. It would be the exact same claim. And, in fact, his post-conviction proffers the exact same evidence. So it would just be going forward, and the defendant is hoping that it's another opportunity to litigate the same claim. At that motion to reconsider a sentence, didn't the trial judge say that this really isn't properly before me? Yes. Shouldn't he have just stopped right there? And I know we're not dealing with a coulda, shoulda, woulda, you know. Sure, he could have, but I think he also addressed the claim before him because the claim was litigated. And I think sometimes trial courts can be caught in a trick bag between deciding but he addressed it in a way that wasn't full and complete, let's just say for lack of a better word, that he addressed it as to what was argued before him without actually having an evidentiary hearing as to the merits of that. Well, I would argue he did have an evidentiary hearing. He allowed new testimony that was not before at the trial. He allowed a stipulation between the State and the defendant, and he allowed the defendant to testify himself. This was on the motion to reconsider? Yes. I'm sorry, are we talking? It's a little confusing. Motion to reconsider. But whose obligation then was it to make sure that the trial counsel's testimony made it into the record? I would argue that he's represented by counsel, and counsel has trial strategy as to what he determines, what evidence to present in order to advocate for his client and his claim. And counsel determined that a stipulation and testimony by defendant she believed was sufficient in order to advocate for this claim. And a ruling in determining that he observed the defendant testify and he didn't believe him, and that he compared that and he bolstered that by the fact that the pre-sentencing investigation also confirmed that the defendant didn't believe that he did anything wrong, that would be a basis for an analysis in terms of whether or not counsel was ineffective for the plea offer. He didn't find that there was any prejudice because he didn't believe him at that point. So that's a ruling on the merits, and I understand that ineffective claims are routine. You mostly see them in post-conviction claims, but they're not limited to that. I believe also, you know, and I don't have this in front of me, but I believe it's a charity or another more recent, where they say they can bring them on direct appeal or in post-sentencing if the record bears it out and allows it. It's not an automatic bar. You see, but that's the problem, Maureen, through the theme of this case is to do this properly, this is the type of an issue you inexorably and inevitably would need some input from defense counsel, the trial counsel. Otherwise, how would you ever determine the truth or falsity of the allegation? I would say that what you need is you need the, which is what defendant received, which is the opportunity to present evidence of, to advocate for whether or not he was ineffective for failing to tender a plea offer or not. I mean, there are instances in which ineffective claims go forward without any affidavit from the defense counsel. Yeah, at the second stage, but not at the first stage. But this is unique in the sense that they already had a hearing, which is precisely why it's difficult to argue an article basis in fact or in law, because this issue was litigated before, and not just litigated in passing, had an actual hearing which included… But was it properly litigated? I would argue yes, because the defendant had his opportunity to present the evidence that he wanted to in order to make his claim. The fact that there is another avenue for which he could raise this claim via post-conviction doesn't mean that this claim, that we just have to ignore what occurred and transpired before the trial court. But technically, weren't they to, would it have been, let me ask it to you this way, wouldn't it have been cleaner and more convenient if there were two different hearings as opposed to melding the motion to reconsider in with the post-conviction petition? I would argue that it's not a post-conviction petition. Well, he didn't ask for it under the Post-Conviction Hearing Act, and the state was allowed to respond and argue, which is not a first stage. So that's not a credibility determination. I would agree that you cannot make credibility determinations. But that's not a post-conviction. That was part of the motion to reconsider that I would agree, although an improper claim, the court ultimately did allow it, heard the merits, allowed the defense counsel and defendant to make whatever argument and admit whatever evidence it wanted to to advocate for that. And the court found that that claim was without merit, and that is a claim that was raised again on appeal via whether or not post-sentencing was effective for the vehicle for which she chose. And if there are no other questions, we would ask that the court confirm the trial court's ruling. All right. Thank you, Ms. Flynn. Thank you. Ms. Clark, please, if you may press the court to rebuttal. Just two points, Your Honor. One, we have no testimony from trial counsel on this, so this isn't a situation where in the motion to reconsider sentence, the trial judge got to weigh trial counsel's testimony on whether he did or did not readily offer against the defendant's testimony. Second? Wasn't that the responsibility, though, of his attorney? Perhaps. If they wanted that testimony in the record to make sure that they got it. Well, in her motion to reconsider sentence, she didn't raise this issue, so I'm not sure then how, which is safe. And the trial court perhaps properly said this isn't relevant to a motion to reconsider sentence. It was brought in, I believe, for disparate sentencing purposes. So given it was a motion to reconsider sentence, I don't know. She had said to the judge, hey, judge, I got the trial attorney here too. I'm not sure what would have happened, but what I know did happen is that we have nothing on the record from trial counsel. And I think my second point being that if you look at People v. Blair, the Illinois Supreme Court, finding that you can absolutely dismiss a petition on race-judicata grounds. And what's interesting in that case, it's very similar to our case where, well, I should say the difference is that the claim of ineffective assistance of counsel, and this is a case I mentioned earlier, I think I said the wrong name, but in that case the judge could use his or her personal observations of trial counsel to find the defendant's claim incredible, if you will. So I would ask that this Court look at Blair v. Cherry and also the Supreme Court's finding in LaBelle-Taylor where they do talk about this and offer guidance in these situations where an issue does start percolating post-trial, but it's really the Post-Commission Hearing Act that's the appropriate vehicle for addressing the claims because they implicate matters outside of record. So for those reasons and those in the brief, I'd ask that you remand for a second stage post-commission proceeding. Thank you. Thank you. I'd like to thank both counsel for the quality of their arguments in this interesting issue. The matter will, of course, be taken under advisement and a written decision will issue in due course.